# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| MARIA TERESA LIZAMA LIDON, ) | No. C08-45 EJM |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ANAMOSA COMMUNITY SCHOOL DISTRICT ) | |
| and STEVE GOODALL, ) | |
| Defendants. ) | |

This matter is before the court on defendants' resisted Motion for Summary Judgment, filed October 29, 2009. Briefing concluded November 19, 2009. Granted.

Plaintiff, a teacher in the Anamosa School District at all relevant times, brings this damages action against defendants Anamosa School District and Steve Goodall, principal of Anamosa High School, claiming employment discrimination in violation of 42 USC §2000e and IC §216. The court has jurisdiction pursuant to 28 USC §§1332 and 1367.

Defendants seek summary judgment, asserting that plaintiff's claim is based upon a hostile work environment, that it is undisputed they were not participants in any of the claimed discriminatory or harassing conduct, and that those who allegedly harassed plaintiff were neither agents of, nor acting on behalf of, defendants. Defendants further assert that plaintiff has not established a disputed issue of

material fact as to whether there existed a hostile work environment, nor a disputed issue of material fact as to whether defendants knew, or should have known, of the harassment.

Plaintiff resists, asserting that she has sufficiently established a hostile work environment claim, defendants knew or should have known of the conduct, and that they did nothing to stop it. Plaintiff further asserts that she has raised a constructive discharge claim in addition to her hostile work environment claim.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

Plaintiff was hired by defendant Goodall to teach Spanish classes in the Anamosa High School in 2006. Plaintiff's claims arise from her receipt of emails from parents, including complaints that students could not understand her English due to her accent, that she spoke Spanish in her class, and that a student told her that she should be dead, and should not be in America. Near the end of her first school year, she was advised by defendant Goodall that her contract would not be

renewed. In addition to the claimed hostile work environment, plaintiff asserts a discriminatory discharge claim urging that she was forced to resign and therefore constructively discharged.

At the outset, it appears undisputed that no employee of defendant took part in any claimed harassment, nor did plaintiff report any concern as to harassment based upon national origin. Viewed as a hostile work environment claim in accordance with the appropriate standards, it is the court's view that the claimed conduct of plaintiff's receipt of parental emails including complaints that students were unable to understand her, as well as threatening to seek her discharge, and the instance of offensive statements attributed to a student (apparently unreported, as noted in plaintiff's deposition at p. 53, docket #14), were not "sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment as viewed objectively by a reasonable person." Carpenter v. Con-Way Cent. Express, Inc., 481 F3d 611, 618 (8th Cir. 2007) (citations omitted).

Viewed as a constructive discharge claim upon plaintiff's claim that she was faced with a choice of either resigning or being subject to non-renewal of her teaching certificate, upon this record including the undisputed fact that defendant Goodall hired plaintiff, as well as substantial undisputed evidence relating to plaintiff's problems with behavioral classroom management in support of defendants' actions with regard to non-renewal of plaintiff's teaching contract, and the absence of any colorable claim that those legitimate, nondiscriminatory reasons are a pretext for discrimination, the court concludes that there exists no disputed issue of material

fact precluding entry of summary judgment with respect to a claim of constructive discharge.

It is therefore

ORDERED

Granted.

June 7, 2010.

											_____
											Edward J. McManus, Judge
											UNITED STATES DISTRICT COURT